IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**Xolani Idris**
**3644 N 15th Street**
**Milwaukee, WI 53206**

    Plaintiff,

    vs.                                  Case No.      15-cv-343

**Wisconsin Detail Services**
**2010 W Bender Ave**
**Glendale, WI  53209**

and

**Todd Schultz**

## COMPLAINT

### INTRODUCTION

1. This is a class and representative action against Defendants Wisconsin Detailing Services and Todd Schultz (collectively "Defendants") for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, et seq., and the Wisconsin wage law, Wis. Stat. §109.01, et seq.

2. This action alleges that Defendants maintains unlawful policies by which they misclassified statutory employees hired to perform automotive detailing services ("Detailers") and with respect to such employees, failed to pay the minimum wage, failed to pay failed to pay the regular wage for all hours worked, failed to compensate for all work performed, and failed to keep records of the number of hours actually worked. It also alleges that Defendants failed to pay Plaintiff wages for all hours worked as required by Wis. Stat. §109.03.

3. Through his class-wide claims, Plaintiff seeks compensation for all uncompensated work, unpaid overtime and minimum wages, other unpaid wages, and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

4. Plaintiff and putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they suffered identical wage losses under this policy.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

6. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

7. The Eastern District of Wisconsin has personal jurisdiction over WDS because it maintains facilities within the District, performs work within the District, and is subject to jurisdiction within the District. This District has personal jurisdiction over Defendant Schultz as he resides within the District.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (d) because WDS is a corporation subject personal jurisdiction within the District at the time this action is being commenced.

2

## PARTIES

9. Wisconsin Detail Services ("WDS") is a Wisconsin company with its principal place of business at 2010 W Bender Road, in Glendale, Wisconsin. WDS is an "employer" within the meaning of 29 U.S.C. § 203(d). WDS's registered agent for service is Todd Schultz, 6161 N Flint Rd Unit A, Glendale, WI 53209.

10. WDS is an automotive detailing business; automotive detailing includes the interior and exterior cleaning, restoration, and finishing or refinishing of new or used automobiles ("detailing"), including those owned by individuals or automobiles being prepared or offered for sale by Milwaukee-area automotive dealerships.

11. WDS is engaged in commerce and/or is an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

12. Defendant Todd Schultz is an adult resident of the State of Wisconsin and is the owner and operator of WDS. At all relevant times to this suit, Schultz was responsible for day to day operations at WDS and for interviewing, hiring, firing, and paying WDS's Detailers.

13. Plaintiff Xolani Idris ("Idris" or "Plaintiff") is an adult resident of Milwaukee, Wisconsin. Idris was a "Detailer" and worked performing automotive detailing for Defendants in Glendale, Wisconsin within the time period prescribed by the applicable statute of limitations. Idris's consent form is attached and included in Exhibit A to this complaint.

14. Plaintiff brings these claims on behalf of the Wisconsin Unpaid Wage Class and the Collective Class.

15. Plaintiff brings this action on behalf of himself and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b) (hereafter "the Collective Class"). The Collective Class of similarly situated employees is defined as:

All persons who are or were hired by Wisconsin Detail Services, Inc., as Detailers and/or for the purpose of performing automotive detailing work at any time three years prior to the commencement of this lawsuit to the present, and denied minimum wages and/or overtime wages for all hours worked for Wisconsin Detail Services.

16. Plaintiff Xolani Idris brings this action on behalf of himself and the Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23 (hereafter "Wisconsin Unpaid Wage Class"). The Wisconsin Unpaid Wage Class is defined as:

All persons who are or were hired by Wisconsin Detail Services, Inc., as Detailers and/or for the purpose of performing automotive detailing work at any time three years prior to the commencement of this lawsuit to the present, and denied payment of wages at the regular wage rate for all hours worked; or denied minimum wages or overtime wages for all hours worked for Wisconsin Detail Services.

17. Plaintiff, Collective Class Plaintiffs, and Wisconsin Wage Class Plaintiffs were hired as "Detailers" to perform automotive detailing services for Defendants on privately owned vehicles or vehicles it had contracted with a business to detail, clean, or refinish.

## COMMON FACTUAL ALLEGATIONS

**A. Misclassification of Employees**

18. Defendants employ or employed Plaintiff and members of the Collective Class and Wisconsin Unpaid Wage Class as "Detailers."

19. Defendants provided training for all newly-hired Detailers, furnished uniforms that detailers were required to wear, and provided the tools that detailers were required to use to complete automotive detailing services.

20. Detailers were dependent on Defendants for work and were not expected or required to bring in customers or use their personal property to complete detailing services.

21. Defendants set Detailers work schedules. Defendants scheduled Detailers to begin their work day at either 7:30 a.m. or 8:00 a.m. and expected Detailers to continue working until at least 5:00 p.m. Monday through Friday and from 7:30 a.m. until 12:00 or 1:00 p.m. on

4

Saturdays ("regular working hours"). Detailers regularly worked beyond 5:00 p.m., but not usually later than 6:00 p.m. on weekdays. Detailers sometimes, but not always, took a one-half hour lunch break on week days.

22. In addition to establishing employee work schedules, Defendants at all times had and exercised the authority hire and fire Detailers, promulgate work rules, provide or withhold assignments, set conditions of employment including job duties, compensation, and the method and rate of payment, and were involved in the day-to-day supervision of Detailers. For example:

    a. Defendants expected Detailers to perform detailing work in accordance with the paperwork Defendants prepared and in accordance with their checklist, which listed the discrete steps and tasks involved in detailing a vehicle and the order in which those tasks were to be performed.

    b. Defendants maintained a policy by which it refused to pay Detailers for work on private vehicles until they worked for Defendants for one year;

    c. Defendants implemented a pay scheme under which they set Detailer pay. Under that scheme Defendants paid Detailers $45 or $55 for each vehicle detailed for contract clients and $75 per vehicle detailed for private clients. Where there was no set rate for other miscellaneous services, Defendants unilaterally determined the amount to pay the Detailer for his work.

    d. Defendants instructed Detailers to perform non-detailing work including but not limited to folding towels and cleaning the shop floor, bathrooms or Defendants' equipment, and instructed Detailers how to perform those duties;

    e. Defendants required Detailers to wait on site when there were no cars available for immediate detailing work;

    f. Defendants established detailing procedures and expectations and determined the order in which detailing was performed on vehicles.

    g. Defendants required Detailers to call in if they were sick, late, or otherwise unable to be present at WDS during their regular working hours;

23. Defendants did not pay Detailers for time spent waiting to work or for time spent performing required non-detailing work.

5

Case 2:15-cv-00343-CNC   Filed 03/30/15   Page 5 of 19   Document 1

24. WDS and/or Schultz are a party to contracts with several Milwaukee-area automotive dealerships, including but not limited to Andrews Automotive, International Automotive, and Harry Kaufmann Motor Cars, Inc., to detail those dealerships' new and used vehicle inventory in preparation for sale or resale.

25. Defendants negotiate and set the rates that its business and individual customers pay for detailing.

26. At all relevant times, Defendants did not require Detailers to record or otherwise track the actual number of hours worked.

27. Defendants never asserted that Detailers were exempt from the FLSA or Wisconsin Wage law overtime and minimum wage requirements.

28. Detailers were and are statutory employees under Wisconsin law and the FLSA.

**B.     Failure to Pay Minimum Wages**

29. Defendants paid Detailers on a biweekly basis, two weeks in arrears, based on the number of vehicles on which the Detailer had completed detailing work, the extent of detailing work performed, and the WDS customer for whom the work was performed.

30. The flat rate scheme in place in early 2015 was set forth on Defendants' "WDS Subcontractor Pay Info." A "Pay Info" sheet is attached to this Complaint as Exhibit B.

31. The amount of time it takes to complete detailing work on a vehicle depends on the interior and exterior condition of the vehicle. Older, heavily used vehicles usually required eight (8) or ten (10) or more hours of work in order to be completely detailed in accordance with Defendants requirements. Detailing could usually be completed with four (4) to seven (7) hours of work on newer used vehicles and in four (4) hours of work or less on brand new vehicles.

6

Detailers are and were paid between $45 and $55, total, for such work without regard for the number of hours actually spent to complete the work.

32. Defendants told Detailers that they would detail two vehicles per day, however, Defendants or their manager usually assigned newer employees to complete detailing work on older, used cars.

33. While employed by Defendants, Detailers usually worked from 7:30 a.m. until sometime between 5:00 and 6:00 p.m. Monday through Friday, and worked on Saturdays from 7:30 a.m. until at least 12:00 p.m., but usually until 1:00 p.m. or later, when the Detailer completed other unpaid but required work. Defendants, once, temporarily adjusted some Detailers' start times to 8:00 a.m.

34. Detailers worked at least 50 hour per week and up to 60 hours per week or more.

35. Under Defendants' pay scheme, Detailers weekly pay often averaged out to a rate of less than $5.00 per hour.

36. WDS failed to pay Plaintiff, the Collective Class Plaintiffs and Wisconsin Wage Class Plaintiffs at the state- and federally- required minimum wage.

**C.  Failure to Pay Overtime.**

37. Defendants paid its Detailers at a regular rate that was less than one and one-half times the minimum wage.

38. Defendants did not pay Detailers based on the actual regular and overtime hours each Detailer worked.

39. Detailers were non-exempt employees entitled to overtime pay for all hours worked in excess of forty (40) per week.

7

40. Defendants failed to pay Detailers overtime for all hours worked in excess of forty (40) per week.

C. **Failure to Pay Detailers the Regular Rate for All Hours Worked**

41. During most weeks, Detailers spent 30 minutes to one hour waiting for Defendants to retrieve a vehicle for detailing work.

42. Defendants did not permit Detailers to leave while waiting for vehicles to arrive and did not pay Detailers for the 30 to 60 minutes spent waiting for work.

43. Defendants regularly required Detailers to spend up to one (1) hour per week folding towels and up to two (2) hours per week on Saturdays performing non-detailing work which included but was not limited to cleaning the shop floor, bathrooms or tunnels.

44. Defendants agreed to compensate at a rate of $10 per hour for cleaning and other non-detailing work they performed for Defendants, but maintained a practice of limiting payment to Detailers for non-detailing work to one hour per week regardless of the number of hours of non-detailing work actually performed.

45. Defendants were obligated to compensate Detailers for all hours worked for Defendants at their regular hourly rate.

46. Detailers who performed non-detailing work after they had already worked 40 or more hours in a work week were entitled to be compensated at a rate of time and one half the regular hourly rate for non-detailing work performed.

47. Plaintiff, Collective Class Plaintiffs, and Wisconsin Wage Class Plaintiffs were not paid the minimum wage and were not paid overtime for hours in excess of forty (40) per week that they worked for the Defendants.

### D. Failure to Pay all Wages Owed

48. Defendants told newly-hired Detailers that they would detail two vehicles each day and that they would earn $45 to $55 for each vehicle detailed.

49. Defendants agreed to compensate Detailers at a rate of $10 per hour for cleaning and other non-detailing work.

50. Detailers worked between 50 and 60 hour per week for Defendants.

51. Under Wisconsin law, an employer is required to compensate its employees at the agreed upon regular rate for all hours worked and at a rate of time and one-half the regular hourly rate for all hours worked in excess of forty hours per week.

52. When Defendants paid Detailers for work performed, Defendants provided a "WDS Subcontractor Pay Info" sheet with the payment that reflected the work for which the Detailer was being paid. The Pay Info sheets showed that Detailers were not paid for all detailing work performed or for all hours worked, and that they were not paid overtime.

53. To the extent Defendants refused to pay Plaintiff or members of the putative class for work performed and deducted those wages for loss, theft, damage, or faulty workmanship, the deduction was made in violation of Wisconsin law.

### E. Failure to Maintain Records

54. Employers are obligated to maintain and preserve records of all hours worked by their employees.

55. Defendants did not require Detailers to record the hours they worked and did not track the hours Detailers worked on a given day or week.

9

## COLLECTIVE ACTION ALLEGATIONS

56. Named Plaintiff brings the First Claim for Relief on his own behalf and on behalf of the Collective Class, as defined in paragraph 15 of the claim, pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b).

57. Plaintiff is similarly situated to others in the Collective Class and was subject to Defendant's common practice, policy, or plan of refusing to compensate Detailers for all hours worked, refusing to pay Detailers minimum wages, and refusing to pay Detailers overtime in violation of the FLSA.

58. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the Collective Action Plaintiffs that are similarly situated to Plaintiff and have claims that are similar to Plaintiff's First Claim for relief.

59. Following the filing of this complaint, Collective Action Plaintiffs may sign Consent to Sue forms, and agree to "opt in" as plaintiffs to this litigation (hereafter "Opt-In Plaintiffs").

60. Plaintiff's claims are representative of the claims of the opt-in and collective action plaintiffs, in that, such employees are hourly employees, working for Defendants, who have been deprived of wages and overtime by the Defendants.

61. The names and addresses of the Collective Action Plaintiffs are available from Defendants, and notice should be provided to the Collective Action Plaintiffs via first class mail to their last known address as soon as possible.

## CLASS ALLEGATIONS

62. Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Wisconsin Unpaid Wage Class, defined in paragraph 19, supra, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

63. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have hired and employed between 15 and 30 individuals as Detailers in the three (3) years preceding the filing date of this lawsuit who satisfy the definition of the class.

64. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether Defendants misclassified the Plaintiff and members of the putative class

(b) Whether Defendants unlawfully failed to pay overtime compensation to the Plaintiffs and members of the putative class in violation of and within the meaning of Wis. Stat. § 103.03 and Wis. Adm. Code DWD §274.03;

(c) Whether Defendants unlawfully failed to pay minimum wages to the Plaintiffs and members of the putative class in violation and within the meaning of Wis. Stat.§ 104.02 and Wis. Adm. Code DWD § 274.03;

(d) Whether Defendants unlawfully failed to pay Plaintiff and members of the putative class for cleaning in violation and within the meaning of Wis. Stat. § 104.02 and Wis. Adm. Code DWD § 272.04;

(e) Whether Defendants unlawfully failed to pay Plaintiff and members of the putative class for work actually performed.

(f) The nature and amount of compensable work performed by the Plaintiff and members of the putative class;

(g) Whether Defendants employed the Plaintiff and members of the putative class within the meaning of Wisconsin Law; and

11

(h) The proper measure of damages sustained by the Plaintiff and members of the putative class.

65. Plaintiff's claims are typical of those of the Wisconsin Unpaid Wage Class members. Plaintiff, like other Wisconsin Unpaid Wage Class members, was subjected to Defendants' unlawful policies, denied pay for all hours worked, denied pay at a minimum age, and denied overtime compensation, resulting in a wage loss.

66. Plaintiff will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class members and has retained counsel experienced in complex wage and hour litigation.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs, particularly those with relatively small claims, lack the financial resources to vigorously prosecute separate lawsuits in federal court against a defendant, where individual plaintiffs fear retaliation, and because there is high turnover among employees making it difficult to ascertain and identify all members of the potential class.

68. Class certification of the First Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

69. Defendants' common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is

12

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' pay practices.

70. Plaintiff intends to send notice to all members of the Wisconsin Unpaid Wage Class to the extent permitted or required by Rule 23.

**PLAINTIFF'S INDIVIDUAL WISCONSIN WAGE LAW CLAIM ALLEGATIONS**

71. Plaintiff terminated his employment with Defendants on March 16, 2015.

72. At the time of his termination, Plaintiff had not yet been paid for work performed in late February 2015 through the date his employment terminated.

73. Following his termination, Defendants did not pay Plaintiff any wages on the next regularly scheduled pay day. Defendants informed Plaintiff that they would not pay him his earned wages until 31 days after he returned his uniform to Defendants.

74. More than 31 days have passed since Plaintiff earned wages for work he performed for Defendants but Plaintiff has not been paid for that work.

75. Wisconsin law requires employers to pay employees all wages owed within 31 days such wages were earned.

**FIRST CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME AND MINIMUM WAGE COMPENSATION IN VIOLATION OF THE FLSA**

76. Plaintiff individually and on behalf of the Collective Class alleges and incorporates by reference the allegations in the preceding paragraphs.

77. Defendants are employers within the meaning of 29 U.S.C. § 203(d).

78. Plaintiff and the members of the Collective Class are employees within the meaning of 29 U.S.C. § 203(e).

13

79. The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

80. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

81. During the applicable statute of limitations, Plaintiff and members of the Collective Class performed work for which they received less than the federal minimum wage, including performance of their regular detailing work, time spent in training, time spent waiting for work, and time spent cleaning or performing non-detailing work.

82. During the applicable statute of limitations, Plaintiff and members of the Collective Class performed work in excess of forty (40) hours per week without receiving overtime compensation, including, but not limited to, time spent performing principle job duties, training, cleaning and performing non-detailing work.

83. These practices violate the FLSA including but not limited to, 29 U.S.C. §§ 206, 207, and have caused, Plaintiff and members of the Collective Class to have suffered wage losses.

84. Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff and members of the Collective Class overtime and minimum wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:

### FAILURE TO PAY FOR ALL HOURS WORKED and FAILURE TO PAY OVERTIME AND MINIMUM WAGE COMPENSATION IN VIOLATION OF WISCONSIN LAW

85. Plaintiff, individually and on behalf of the Wisconsin Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

86. Under Wisconsin law, employers must promptly compensate employees for all hours worked at their regular rate of pay. Wis. Stat. §109.03(1).

87. Wisconsin law requires employers to compensate employees at time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week. Wis. Stat. §103.02; Wis. Adm. Code DWD §274.03.

88. At all relevant times, Defendants have been "employers" within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 104.01.

89. At all relevant times, Plaintiff and the putative Wisconsin Unpaid Wage Class members were employees within the meaning of Wis. Stat. § 103.001(5) and Wis. Stat. §104.01(2).

A.  <u>Failure to Pay All Wages Earned.</u>

90. During the applicable statute of limitations period, Defendants had a policy and practice of failing and refusing to pay Plaintiff and the putative Wisconsin Unpaid Wage Class members for all hours worked.

91. By failing to pay Plaintiff and Wisconsin Unpaid Wage Class Plaintiffs wages for all hours worked, Defendants violated and continues to violate Wis. Stat. §109.03(1), (5).

92. To the extent Defendants failed or refused to pay Plaintiff and Wisconsin Unpaid Wage Class Plaintiffs wages for hours worked on the basis of theft, loss or faulty workmanship, Defendants violated Wis. Stat. §103.457.

B.  <u>Minimum Wage Violation</u>

93. During the relevant period, Plaintiff and Collective Class Plaintiffs performed work for were compensated by Defendants at less than the Wisconsin minimum wage.

15

94. Wisconsin law requires that employers pay non-exempt employees at least the minimum wage.

95. Plaintiff and members of the putative Wisconsin Unpaid Wage Class are not exempt from minimum wage requirements.

C. <u>Overtime Violation</u>

96. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. §103.02; Wis. Adm. Code DWD §274.03

97. Plaintiff and members of the putative Wisconsin Unpaid Wage Class are not exempt from overtime pay requirements.

98. During the applicable statute of limitations period, Defendants had a policy and practice of failing and refusing to pay overtime wages to Plaintiff and the putative Wisconsin Unpaid Wage Class members for their hours worked in excess of forty (40) hours per workweek.

99. By requiring Plaintiff and Wisconsin Unpaid Wage Class Plaintiffs to work hours in excess of forty (40) per week and failing to pay their unpaid wages for overtime and for all hours worked, Defendants violated and continue to violate Wis. Stats. §§103.02 and 109.03(1).

100. As a result of Defendants' willful failure to pay overtime due to Plaintiff and the putative Wisconsin Unpaid Wage Class members, Defendants have violated, and continue to violate, Wis. Stat. §§ 103.03, 104.03; 109.03, Wisconsin Administrative Code §§ DWD 274.03, 272.03, 272.04.

101. Plaintiff on behalf of himself and members of the putative Wisconsin Unpaid Wage Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Wis. Stat. § 109.03(6).

102. Plaintiff on behalf of himself and members of the putative Wisconsin Unpaid Wage Class seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104,03 and 109.03, and Wisconsin Administrative Code §§ DWD 274.03, 272.03, 272.04 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A. Issue notice to all similarly situated employees of Affinity Health System and Wisconsin Detailing Services informing them of their right to file consents to join this action;

B. Certify Plaintiff's federal claims as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b).

C. Certify Plaintiff's state law claims under Wis. Stat. Ch. 109 as a class action pursuant to Fed R. Civ. P. 23.

D. Award Plaintiff and all members of the Collective Class and Wisconsin Unpaid Wage Class, their unpaid regular hourly rate of pay for hours of work up to forty hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

E. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶D of this prayer for relief pursuant to federal law;

F. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶D of this prayer for relief pursuant to state law;

G. Enter an order permanently enjoining and restraining Defendants from violating the provisions of Wisconsin state law and Federal Law;

H. Award Plaintiffs' attorneys their reasonable fees and costs of this action;

I. Grant all Plaintiffs such other relief as this Court deems just and proper.

### PLAINTIFF's INDIVIDUAL CLAIM FOR RELIEF:
### Violation of Wis. Stat. §109.03(2).

103. Upon an employee's resignation of employment, Wisconsin law requires his employer to pay the employee all wages earned in full by no later than the date on which that employee regularly would have been paid under the employer's established payroll schedule or 31 days, whichever is earlier.

104. Plaintiff Xolani Idirs worked his regularly scheduled work shifts during the four weeks preceding the end of his employment relationship with Defendants on March 16, 2015.

105. Plaintiff expected to be paid at the end of the week of March 16th for work performed during the last week of February and first week of March, 2015.

106. Defendants have not paid Plaintiff any wages he earned for work after February 21, 2015.

107. By failing to pay Plaintiff and Wisconsin Unpaid Wage Class Plaintiffs wages for all hours worked, Defendants violated and continues to violate Wis. Stat. §109.03(2), (5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Xolani Idris respectfully requests that this Court enter judgment in Plaintiff Idris' favor and:

- A. Award Plaintiff their unpaid regular hourly rate of pay for hours of work up to forty hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

- B. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶A of this prayer for relief pursuant to state law;

- C. Enter an order permanently enjoining and restraining Defendants from violating the provisions of Wisconsin state law and Federal Law;

- D. Award Plaintiff's attorneys their reasonable fees and costs of this action; and

- E. Grant all Plaintiffs such other relief as this Court deems just and proper

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 30th day of March, 2015.

/s/ Sara J. Geenen
Sara J. Geenen
THE PREVIANT LAW FIRM, S.C.
1555 N. RiverCenter Drive, S. 202
Milwaukee, WI  53212
Telephone: 414/271 4500
Fax: 414/271 6308
sjg@previant.com

Attorney for Plaintiffs